## NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

v.

Kathleen L. BABAYAN; Thomas Gallina; Joseph M. Savino

Kathleen Babayan

v.

Northwestern Mutual Life Insurance Company; Joseph M. Savino, General Agent Northwestern Mutual Financial Network a/k/a and d/b/a The Savino Financial Group; Thomas Gallina

**Kathleen L. Babayan, Appellant.**

No. 06–3109.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 23, 2007.

Filed Oct. 30, 2007.

———

Daniel J. Zucker, Philadelphia, PA, for Northwestern Mutual Life Insurance Company.

David S. Senoff, Billet & Connor, Philadelphia, PA, for Kathleen L. Babayan.

Before: FISHER, ALDISERT and GREENBERG, Circuit Judges.

OPINION OF THE COURT

FISHER, Circuit Judge.

Northwestern Mutual Life Insurance Company, et al. ("Northwestern"), obtained summary judgment against Kathleen Babayan in a lawsuit regarding rescission of her disability insurance policy. Costs were duly taxed against Babayan, and later reduced by the District Court upon Babayan's motion. Babayan appeals from this order to pay the reduced costs on the grounds that the District Court abused its discretion in taxing costs at all because (1) Babayan is indigent, and (2) the costs are excessive in light of Northwestern's "unclean hands." For the reasons set forth below, we will affirm the decision of the District Court.

**I.**

As we write only for the parties, we will forgo a lengthy recitation of the factual and legal background to this case. On March 25, 2002, Babayan applied for disability benefits under an insurance policy issued to her by Northwestern. Northwestern denied this claim and subsequently brought an action seeking rescission of her policy on the grounds that she had made material misrepresentations in her application. Babayan responded by bringing an action of her own, alleging breach of contract and other claims. This action was later consolidated with Northwestern's action. The District Court granted summary judgment for Northwestern, which we later affirmed. Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, Northwestern filed a Bill of Costs in the amount of $6,437.44. Over Babayan's objection, the Clerk entered a judgment against Babayan in this amount. Upon Babayan's motion, the District Court

reduced the judgment to $4,770.94 on the grounds that Northwestern "had used a relatively expensive method for securing documents" and thus should only receive half of the amount it billed for copying charges.

Babayan argues on appeal that she is indigent and that the District Court abused its discretion in not fully exempting her from paying costs in light of Northwestern's "unclean hands." She asks that the matter be remanded for an order striking all costs.

## II.

The District Court properly exercised subject matter jurisdiction in this case as a diversity action pursuant to 28 U.S.C. § 1332. Petitioner's appeal was timely filed, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291. Given the District Court's discretionary equitable power to award costs under Rule 54(d)(1), taxation of costs is reviewed only for "abuse of discretion." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir.2000) (citations omitted).

## III.

We have held that certain factors may be applicable to the District Court's exercise of its discretion in taxing costs against the losing party in a lawsuit. These include

(1) the unclean hands, or bad faith or dilatory tactics, of the prevailing party; (2) the good faith of the losing party and the closeness and difficulty of the issues they raised; (3) the relative disparity of wealth between the parties; and (4) the indigence or inability to pay a costs award by a losing party.

*Id.* at 463. However, as Babayan concedes, the presence of one or more of these factors does not automatically exempt her from being taxed with costs, and Rule 54(d)(1) creates a strong presumption in favor of awarding costs to the prevailing party. *Id.* at 462; Fed R. Civ. P. 54(d)(1).

Babayan cites two grounds for her claim, her alleged indigence and Northwestern's unclean hands. She essentially conflates these grounds and argues that the combination of these factors militates for a finding that the District Court abused its discretion. Her argument is unavailing. In its Order of May 18, 2006, the District Court acknowledged Babayan's "modest economic resources" and consequently, "believing it [had] discretion in such a situation," reduced her costs from $6,437.44 to $4,770.94. Contrary to Babayan's claims, it is clear that the District Court took her purported indigence into account in exercising its equitable powers and ordering this reduction. At any rate, a finding of indigence does not require the District Court to reduce costs to zero.

Babayan's unclean hands claim is raised for the first time on appeal and is not included in her Objections to the Bill of Costs. We are therefore not obligated to consider it. *Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir.1994) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal."). Regardless, Babayan's unclean hands claim is without merit. Babayan first argues that Northwestern's costs were incurred because of an alleged failure to properly underwrite her policy, a substantive claim which the District Court already decided in Northwestern's favor and which will not be revisited here. Babayan also argues that Northwestern's Bill of Costs represents costs incurred in obtaining evidence to be used against her, and that imposition of those costs is thus inequitable. However, the costs Northwestern seeks include those incurred in bringing suit, as well as defending against

208

Babayan's claims. Babayan's assertion that all costs were incurred by Northwestern in bringing the rescission claim is thus disingenuous. Irrespective of this, there is no case or rule suggesting that costs incurred in bringing suit and procuring evidence to satisfy the burden of proof are not taxable. The District Court therefore acted within its sound discretion in reducing but not eliminating the costs taxed.

## IV.

For the foregoing reasons, we will affirm the order of the District Court.